Mcdonald v. Cruzen.

JAMES McDONALD, Appellant, v. GEORGE W. CRUZEN, Respondent.

*Appeal from Douglas County.*

Judgment against prosecuting witness for costs and disbursements in a preliminary examination is void.

Upon appeal from a judgment upon demurrer below, it is the general rule that judgment of affirmance here is final; but this court will hold a discretionary control, in cases where cause is alleged for re-hearing or further proceedings below.

APPELLANT was prosecuting witness in a preliminary examination of persons charged with felony, before respondent, a justice of the peace, August 25th, 1865, and on the dismissal of the persons so charged, judgment was rendered against appellant for costs, &c. The justice then threatened to issue an execution, unless the costs, &c., amounting to $129.85, were immediately paid; and the constable took into his possession, then and there, property belonging to appellant, and refused to deliver it up unless appellant would pay such costs to the justice. Appellant, under those alleged facts, paid the money. In August, 1867, appellant commenced an action against respondent to recover back the money, as having been paid under protest. Appellant had judgment in the County Court. On appeal to the Circuit Court for Douglas county, respondent had judgment of reversal and appellant took an appeal here.

*W. R. Willis, Esq.,* for appellant.

*S. Ellsworth, Esq.,* for respondent.

BY THE COURT. There is no authority given by the laws of Oregon under which a justice of the peace might, for any cause, render a judgment against a prosecuting witness in the

preliminary examination of a person charged with crime for the costs and disbursements of the proceeding. That authority is only given to such officer in cases where a criminal action is entertained by him and proceeds to final determination.

The judgment in that case was wholly void.

We think there is sufficient set forth in the complaint below to require an answer, and the judgment will be reversed.

Upon the matter of entering final judgment in such cases here, or of remanding them for further proceeding below, we announce that:

Upon appeal from a judgment upon demurrer below, it is the general rule that judgment of affirmance here is final; but this court will hold a discretionary control in cases where cause is alleged for re-hearing, or for further proceedings below.