[Filed October 19, 1886.]

## W. S. POWELL *v.* D. S. & G. R. R. CO. ET AL.

FORMER APPEAL—LAW OF THE CASE.—The legal propositions which have arisen and been decided on a former appeal, whether correctly decided or not, become the law of the case so far as applicable to the facts developed on a subsequent trial.

APPEAL FROM JUDGMENT ON DEMURRER — PRACTICE—ANSWER OVER. — Upon appeal from a judgment overruling a demurrer, this court will not entertain a motion for leave to plead over. Such application should be made in the first instance in the court below, and is addressed to its discretion. This is a judicial discretion, however—not arbitrary—and is always to be exercised in furtherance of justice.

MULTNOMAH COUNTY.    Defendant appeals.    Affirmed.

*Ellis G. Hughes*, for Appellant.

*James K. Kelly*, for Respondents.

STRAHAN, J.—This cause was here on trial at the last March term of this court, and the same was remanded for further proceedings. The questions presented on this appeal were then argued and considered by the court, and the general principles of law applicable to the pleading demurred to were stated. (*Powell* v. *Willamette Val. R. Co.*, 13 Or. 446.) At that time this court sustained the demurrer to the complaint for the particular objections that were pointed out, and the only question open for consideration on this appeal was, whether or not the amended complaint has obviated these ob-

jections; and we are of the opinion that it has. Upon all other questions presented—and they are numerous—the former opinion of this court is the *law of the case.* In *Page* v. *Fowler,* 37 Cal. 100, the rule of law that precludes the re-examination of legal propositions once settled by the appellate court in the same case, is thus stated : " The legal propositions which arose and were decided on the former appeal, whether they were correctly decided or not, have become the law of the case, so far as they are applicable to the facts developed on the second trial. There would be no end to the litigation, if the same question in the case, once decided by the appellate court, were open to examination on every succeeding appeal." To the same effect is *Lucas* v. *City of San Francisco,* 28 Cal. 591 ; *Polack* v. *McGrath,* 38 Cal. 666 ; *Pico* v. *Cuyas,* 48 Cal. 639. From these views it results that the decision of the court below in overruling the demurrer to the amended complaint was right.

The appellant's counsel suggested at the hearing, that in case the decision overruling the demurrer should be sustained by this court, the appellant should be given leave by this court to answer over. The practice in such cases has never been settled. The court in some cases has granted such leave, but we have concluded that it would· be more consistent with the authority and jurisdiction of this court, as established by the constitution and laws of the state, that such application should be made in the court below, leaving this court to exercise only an appellate jurisdiction, in case the lower court should abuse the discretion confided to it. We therefore announce it as a rule of practice in such cases, that whenever this court does not make a final disposition of the cause, but remands the same to the court below, it will be open for that court to determine in the first instance whether the defendant shall be permitted to answer or not. This discretion, of course, is a judicial discretion—not arbitrary—and is always to be exercised in furtherance of justice. This cause will therefore be remanded to the court below, for such further proceedings as may be proper. (*McDonald* v. *Cruzen,* 2 Or. 259.)

All concur.