Argued February 20; decided April 13, 1896.

## FOWLE *v.* HOUSE.
[44 Pac. 692.]

1. PLEADING — MORTGAGE ON DOWER.— A complaint in a suit to enforce a mortgage on a widow's dower interest must show the facts from which the portion of the mortgage debt properly chargeable to such dower interest can be ascertained.

2. MORTGAGE — DOWER.— The amount of a mortgage debt chargeable on a widow's dower interest is such proportion thereof as the gross value of her life estate in the mortgaged premises, on the date of its determination, bears to the value of the entire premises, to be ascertained on the principles of law applicable to the valuation of life estates.

APPEAL from Polk: GEO. H. BURNETT, Judge.

This is a suit by Hanford Fowle to enforce a mortgage on the dower interest of the defendant Temperence House in the lands of her deceased husband, the plaintiff having been subrogated to the rights of the mortgagor by decree of this court: *House* v. *Fowle*, 22 Or. 303 (29 Pac. 890). A demurrer to the complaint because it did not state facts sufficient to constitute a cause of suit was sustained by the court below, and, plaintiff refusing to amend or plead further, the suit was dismissed, and hence this appeal. No appearance was made or brief filed for the respondent, and the appellant's

brief does not advise us of the grounds upon which the demurrer was sustained, or upon which it is sought to reverse the decree of the court below.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. F. A. Chenoweth.*

No appearance for respondent.

PER CURIAM. It seems to us the complaint is clearly insufficient. By the said decree of this court it was determined that the plaintiff is entitled to a lien upon the dower interest of the defendant in the mortgaged premises for its proportionate share of the amount due on the mortgage October first, eighteen hundred and eighty-seven, together with interest thereon from that date at the rate of ten per cent. per annum, and this suit is brought to enforce the lien; but no facts whatever are averred in the complaint by which the portion of the mortgage debt properly chargeable to the defendant's dower interest can be ascertained. The complaint proceeds wholly on the theory that such amount is one third of the entire mortgage debt, but this assumes that her dower interest is equal in value to one third of the entire mortgaged premises, which, in the nature of things, cannot be true. The fee in the premises assigned to the defendant as her dower is in some one else, and she is only entitled to a life estate therein, and for this reason it would be manifestly unjust and inequitable

to compel her to pay one third of the mortgage debt. The amount of such debt properly chargeable on her dower interest is such a proportion thereof as the gross value of her right of dower on October first, eighteen hundred and eighty-seven, bore to the value of the entire mortgaged premises to be ascertained on the principles of the law relating to the valuation of such estates, (2 Scribner on Dower, 696,) and, before this can be determined, the facts upon which the calculation can be made must be averred in the complaint. Because the complaint in this case contains no such allegations the demurrer was properly sustained, and we have no alternative but to affirm the decree, and it is so ordered.

AFFIRMED.