## LIEUALLEN *v.* MOSGROVE.

[ 54 Pac. 200 ]

NEGLIGENCE—CONSTRUCTION OF PLEADINGS.— A complaint alleging that defendants operated an engine on premises adjoining plaintiff's; that in so operating it they negligently took the fire from it and placed the same on the ground in the straw and stubble, and thereby, through negligence, permitted the fire so taken from the engine to spread and burn over said straw and stubble, and into plaintiff's field, and thereby, through defendant's negligence, the fire destroyed property on plaintiff's premises, charges only negligence in putting the fire in an improper place, and not negligence in failing to extinguish it after it has been taken from the engine.

ALLEGATA ET PROBATA.— An allegation that fire was negligently taken from defendant's engine used for threshing and placed upon the ground in and about the stubble, from which it communicated to and consumed plaintiff's property is not sustained by evidence that defendants were negligent in not properly extinguishing the fire after it had been properly taken from the engine.  *Woodward* v. *Or. Ry. & Nav. Co.*, 18 Or. 289, and *Knahtla* v. *Or. Short Line Ry. Co.*, 21 Or. 136, applied.  WOLVERTON, J., dissents.

REMANDING CAUSE — LEAVE TO ANSWER. — Upon the remandment of a cause by the appellate court for further proceedings in the court below it is for the latter to determine in the first instance whether a party shall be given leave to plead over. *Powell* v. *Dayton, etc., R. R. Co.*, 14 Or. 22, and *State ex rel.* v. *Metschan*, 32 Or. 372, followed.

From Umatilla :   STEPHEN A. LOWELL, Judge.

This is an action to recover damages for the destruction by fire of certain personal property belonging to the plaintiff, alleged to have been caused by the negligence of the defendants.   The facts are that during the harvest season of 1897 defendants were engaged in operating a threshing machine in Umatilla County, the motive power of which was a steam, straw-burning engine commonly used for such purpose.   This engine was so constructed that the only way of removing ashes or cinders therefrom was by means of a trapdoor in the bottom of the ashpan, which was swung on a rod through the center, so that by tipping it the ashes would drop to the ground.   It was customary to wet the ground with a hose attached to the engine before and after the ashes had been dumped, in order to prevent danger from fire.   In the course of a day it was necessary to thus remove the ashes several times, the amount varying from a very small quantity to a bucketfull, and the frequency according to the quantity of grain threshed at each setting.   Water for use in the engine and for other purposes in and about the operation of the machinery was hauled in a large tank, which usually stood near the back part of the engine, where the straw was fed into it.   On Saturday, August 7th, the defendants were threshing in the field of one Bergmann, and about 1 o'clock in the afternoon moved from one setting to another.   Before doing so, the engineer and fireman dumped the ashes from the engine on the ground in the customary manner, wetting them down with the hose, and after the engine had been removed, William Mos-

grove, who was in charge of the grain for Bergmann, and also foreman of the threshing outfit, again wet down the ashes with a hose attached to the water tank, which was still in position. The day was calm, hot and sultry until about sundown, or a little after, when the wind arose, and between 9 and 10 o'clock that night increased to quite a gale, and caused the fire, which seems to have remained in the ashes, to communicate to the stubble and inflammable material, and sweep over the Bergmann field into the adjoining field of plaintiff, and burn up and destroy a large quantity of wheat, straw, and stubble pasture belonging to him ; and this action is brought to recover the value of the property thus destroyed.

The complaint, after alleging the ownership and value of the property, avers that on or about the 7th day of August, 1897, the defendants entered upon the land lying immediately south of and adjacent to the lands of the plaintiff, "with an engine known as a 'Stillwater Minnesota Engine,' which said engine was thereupon operated by these said defendants, their agents and servants, by means of fire ; and that these defendants, their agents and servants, in so operating such engine with fire, carelessly, negligently, and without due or proper regard or caution for the safety of the premises upon which they were located, and without due regard or caution for the safety of the personal property of this plaintiff, located on the lands adjacent thereto, did take and allow and permit the fire to be taken from said engine, and placed upon the grounds in and about the straw and stubble, * * * and thereby, through wanton carelessness and negligence, and without due caution, allowed and permitted the fire so taken from said engine to spread and burn over and through the stubble and straw upon said last-named premises, and into the field of this plaintiff, upon which the aforesaid personal property was located,

and thereby, through the negligence and carelessness and want of caution on the part of the defendants, their agents and servants, the said fire did, on or about the said 7th day of August, 1897, destroy, consume, and burn up the personal property of plaintiff as aforesaid, to plaintiff's injury and damage in the sum of $3,842.60.'' The answer denied the negligence charged in the complaint, and upon the issue thus joined the cause was tried before a jury, and resulted in a verdict and judgment in favor of plaintiff, and defendants appeal.

REVERSED.

For appellants there was a brief over the name of *Balleray & Hailey*, with an oral argument by *Mr. Thos. G. Hailey*.

For respondent there was a brief over the names of *Carter & Raley* and *Stillman & Pierce*, with an oral argument by *Messrs. A. D. Stillman* and *J. H. Raley*.

MR. JUSTICE BEAN, after making the foregoing statement of the facts, delivered the opinion of the court.

The notice of appeal contains several assignments of error, but they present practically only two questions : First, error of the court in overruling defendants' motion for nonsuit, made at the close of plaintiff's testimony ; and, second, error of the court in ruling and instructing the jury, in substance, that the plaintiff was entitled to recover in this action if it appeared that the fire which consumed his property was the result of the carelessness and negligence of the defendants in not caring for and extinguishing the fire contained in the ashes taken from the engine, although they were not negligent or careless in taking the ashes from the engine, and placing them upon the ground in and about the straw and stubble.

These two alleged errors involve practically the same point, for there seems to have been no proof of negligence in the operation of the engine. The ashes were taken therefrom in the ordinary and customary way, and the evidence shows that due care was exercised in doing so. The ground was first wet down, and the ashes, after they were dumped, were wet with the hose, both before and after the removal of the engine. It is true there was evidence tending to show that some fire was left in the ashes, unextinguished, which was uncovered by the wind storm, and probably communicated to the adjoining straw and stubble, and thus spread into the plaintiff's field, and consumed his property; but that fact is not evidence of negligence in taking the ashes from the engine, and placing them upon the ground at an unsuitable place, although it might be evidence tending to show that proper effort had not been made to extinguish the fire therein before leaving the field. The negligence of the defendants, if any, consisted in the fact that they did not use due care and caution in the attempt to extinguish the fire taken from the engine and dumped on the ground, and both the motion for a nonsuit and the instructions of the court involve the question as to whether the complaint charges the defendants with negligence in this particular. It is settled law in this state, as well as elsewhere, that in an action of this character the plaintiff cannot allege negligence in one particular, and on the trial prove and recover upon another, but that, where the complaint specifies the particular act of negligence relied on, the trial must be had on the issue thus made. *Woodward* v. *Or. Ry. & Nav. Co.*, 18 Or. 289 ( 22 Pac. 1076 ); *Knahtla* v. *Or. Short Line Ry. Co.*, 21 Or. 136, 142 ( 27 Pac. 91). For a learned discussion of the "necessity of alleging what you intend to prove in negligence cases," in view of the adjudication, refer-

ence is made to an article by Mr. Seymour D. Thompson in 30 Am. Law Rev. 827.

Now, no negligence can be imputed to the defendants from the mere fact that ashes, which necessarily contained some fire, were taken from the engine and placed upon the ground. They were engaged in a lawful business, and had a right to use fire in the operation of their engine, and to dump the ashes on the ground. Indeed, there was no other way of removing them, and hence no action lies for doing so, unless negligence appears either in dropping them at a place where the fire which might be contained therein would be likely to communicate to inflammable material, and thus spread over the adjoining field, or, after dropping them at a suitable and proper place, in failing to exercise due care and caution to extinguish the fire therein. If, on account of negligence in either of these particulars, the plaintiff's property was consumed, the defendants would be liable, but they are separate and distinct grounds of liability. The proof of one will not justify a recovery on a specified allegation of the other. Every person may lawfully set out fire on his own premises for the purposes of husbandry, or for any other lawful purpose, and he is not liable for an injury to his neighbor resulting therefrom unless he is guilty of negligence in setting out the fire at an improper or unsuitable time, or in not using reasonable care and diligence to prevent it spreading and doing injury to the property of others. *Hewey* v. *Nourse*, 54 Me. 256; *Higgins* v. *Dewey*, 107 Mass. 494 (9 Am. Rep. 63). But it has been held that an allegation that a defendant negligently and carelessly set fire to inflammable material on his own premises, which communicated to and consumed the property of the plaintiff, is insufficient to admit proof or sustain a recovery on the ground of negligence in allowing the fire to escape or

communicate to plaintiff's property. *Pittsburgh & St. Louis Railroad Co.* v. *Culver*, 60 Ind. 469; *Pittsburgh & St. Louis Railroad Co.* v. *Hixon*, 79 Ind. 111. So, in this case, an allegation that the defendants negligently and carelessly did take and permit the fire to be taken from the engine, and placed upon the ground in and about the straw and stubble, and thereby allowed it to communicate to and consume the plaintiff's property, would be insufficient to justify a recovery on the sole ground that they were negligent in not extinguishing the fire after it had been taken from the engine.

The averments of the complaint are somewhat involved, and it is not entirely clear whether the pleader intended to confine the charge of negligence to the operation of the engine by taking and permitting the fire to be taken therefrom, and placed on the ground in and among inflammable material, and by that means allow and permit it to burn over the straw and stubble and into the field of the plaintiff, and consume and destroy the property described in the complaint, or whether he intended to charge both negligence in the operation of the engine in the particulars referred to and in failing to extinguish the fire after it had been taken from the engine. But it seems to us the better construction of the pleading is, and its averments, omitting all surplusage and unnecessary repetition, are, that the defendants, while operating an engine, did carelessly and negligently, and without due or proper regard or caution, take and permit the fire to be taken therefrom, and placed upon the ground in and about the straw and stubble, and thereby — that is, by that means, or in consequence of that — allowed and permitted such fire to spread and burn over and through the stubble and straw into the field of the plaintiff, and burn up his property. The allegation that the fire was negligently taken and permitted to be taken

from the engine, and placed upon the ground in and about the straw and stubble, is connected with the statement that the defendants allowed and permitted it to spread and burn over and through the stubble and straw and into the field of the plaintiff by the word "thereby," which, acccording to the definition given by the lexicographers, signifies "by that means," or "in consequence of that," and therefore the pleading should be read as if it alleged that by means of or in' consequence of the negligence of the defendants in taking the fire from the engine and placing it upon the ground in and among the straw and stubble it was allowed and permitted to spread and burn over and through the field of Bergmann, and into the fields of the plaintiff, and consume and destroy his property. This construction gives to the language of the complaint its ordinary and generally accepted meaning, while, to adopt the construction contended for by the plaintiff, it would be necessary to reject as surplusage words which are material, and which perform an important office in construing the pleading.

If the complaint had alleged that the defendants negligently omitted to extinguish the fire, and by reason of such negligent omission it was communicated to the stubble, and carried or spread into the plaintiff's field, and destroyed his property, evidence that there was fire in the ashes some time after the defendants left the premises would perhaps have been sufficient to have carried the case to the jury; but the complaint does not charge the defendants with negligence in this particular, but in taking the fire from the engine, and placing it on the ground in and among inflammable material. In other words, the act of negligence charged is in placing the fire on the ground at an improper and unsuitable place, where it was likely to spread, and destroy the plaintiff's

property, and not in negligently omitting to extinguish it after being so placed. In short, the allegations of the complaint are of positive acts of commission, and not of omission. Nor, as a matter of fact, is there any allegation that the defendants permitted or allowed the fire to spread, except as a result of the negligent act of placing it on the ground in and among the straw and stubble. The gist of the negligence charged in the pleading is in placing ashes containing fire in and among inflammable material, and the spread of the fire is averred as a consequence of such primary negligent act. It follows from these views that the court was in error in holding that the plaintiff could recover under the allegations of the complaint if the defendants were negligent in not extinguishing the fire before leaving the field, although they may not have been negligent in the operation of the engine, or in depositing the ashes on the ground at an unsuitable place. The judgment is therefore reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

Reversed.

Wolverton, J. I am constrained to dissent from the conclusion of my associates herein, as I am strongly impressed that by reasonable intendment and construction the complaint states a cause of action for negligently and without due caution allowing and permitting the fire to spread and escape, as well as in carelessly and negligently taking it from the engine, and placing it upon the ground in and about the straw and stubble in the first instance. Such a construction would affirm the judgment.

### On Petition for Rehearing.

Mr. Justice Bean delivered the opinion.

It is now insisted that the court was in error in assuming that there was no evidence of negligence in the operation of the engine, although at the hearing such was practically conceded to be the fact. The only question in the case was, whether the complaint charged negligence in not exercising due care and caution in caring for the fire after it had been taken from the engine and placed upon the ground, so that whatever was said in the opinion about negligence in the operation of the engine was in accordance with the theory upon which the case was submitted, and, if a mistake, could not in any way affect the result. Counsel in their petition for a rehearing expressly agree with the court in its construction of the complaint, and, this being so, it necessarily follows that the judgment of reversal must stand, because the plaintiff was permitted to recover upon a ground of liability not alleged.

It is also requested that the cause be remanded with permission to the plaintiff to amend his complaint. The practice in such cases, when a cause is remanded, as in this case, " for such further proceedings as may be proper not inconsistent with the opinion," is indicated in *Powell* v. *Dayton etc. R. R. Co.*, 14 Or. 22 (12 Pac. 83), and *State ex rel.* v. *Metschan*, 32 Or. 372 (53 Pac. 1071).

Rehearing denied.