Argued April 3, decided April 22, rehearing denied June 10, 1913.
Second rehearing denied September 9, 1913.

# HUTCHINGS *v.* ROYAL BAKERY.

(131 Pac. 514: 132 Pac. 960: 134 Pac. 1033.)

**Limitation of Actions—Period—Stay.**

1. Where plaintiff was permitted to take a nonsuit and the defendant appealed, the time up to and including the affirmance of the nonsuit on appeal must, under Section 20, L. O. L., providing that when the commencement of an action is stayed by a statutory prohibition the time of its continuance shall not be a part of the time limited for commencement, be deducted from the time allowed for the commencement of such action, since Sections 68, 71, L. O. L., provide that the pendency of another action between the parties for the same cause shall be ground for demurrer or plea in abatement; and until the appeal from the nonsuit was disposed of such an action was pending.

**Appeal and Error—Disposition of Cause—Affirmance—Effect.**

2. Ordinarily, on appeal from a judgment overruling a demurrer, the judgment of affirmance is final unless the Supreme Court, in its discretion, remands the cause for further proceedings, which it will not do unless it appears from the record and not from evidence *aliunde* that conditions imperatively call for the exercise of such discretion.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by George Hutchings against the Royal Bakery and Confectionery Company, a corporation, to recover damages for personal injuries received by the plaintiff on the 3d day of May, 1909. The action was first commenced on September 27, 1909. The case was put at issue and trial commenced, when plaintiff moved for a judgment of nonsuit, which was on January 10, 1910, allowed by the court. Thereafter, on January 18, 1910, plaintiff commenced a second action for the same cause, to which the defendant filed a plea in abatement, alleging that there was another action pending between the same parties and for the same cause. On April 5, 1910, the defendant ap-

pealed from the judgment of nonsuit in the first action, and on May 5, 1910, the court sustained the plea in abatement and dismissed the second action. On October 10, 1911, the judgment of nonsuit in the first case was affirmed in the Supreme Court: *Hutchings* v. *Royal Bakery,* 60 Or. 48 (118 Pac. 185). On December 4, 1911, plaintiff commenced the present action, alleging in the complaint the above history of the former actions, to which complaint the defendant demurred, on the ground that the action was not commenced within two years after the injury complained of by plaintiff; that being the time limited by law within which an action for personal injuries must be commenced. The demurrer was overruled. The defendant declined to plead further, and a jury was called to assess the damages sustained by plaintiff, which returned a verdict in plaintiff's favor for the sum of $6,600, and judgment being rendered for plaintiff in that amount, the defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Schuyler C. Spencer.*

For respondent there was a brief over the names of *Mr. P. J. Hewitt,* and *Johnson & Stout,* with an oral argument by *Mr. Charles Stout.*

MR. JUSTICE EAKIN delivered the opinion of the court.

MR. JUSTICE BURNETT dissenting.

1. Plaintiff relies upon Section 20, L. O. L., which provides, ''When the commencement of an action is stayed by injunction or a statutory prohibition, the time

of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action," contending that the second action could not be maintained pending the appeal from the judgment of nonsuit, and that the time said appeal was pending "shall not be a part of the time limited for the commencement of the action." We think this is the only question involved. By Sections 68, 71, L. O. L., another action cannot be maintained while a former one is pending between the same parties for the same cause: *Hopwood* v. *Patterson,* 2 Or. 51; *Crane* v. *Larsen,* 15 Or. 348 (15 Pac. 326). Those sections constitute a statutory prohibition against the commencement of a second action until the first is disposed of, and arrest the running of the statute, under Section 20, L. O. L. Even after the judgment of nonsuit was affirmed, plaintiff could not have proceeded with the second action, since it was prematurely commenced, as held by the Circuit Court. He had no alternative but to wait until the action pending on appeal was disposed of, and the time that he was so delayed cannot be a part of the time limited for the commencement of the action. The action in which the appeal was pending was commenced September 27, 1909, and was disposed of October 10, 1911, which period by Section 20, L. O. L., "shall not be a part of the time limited for the commencement of the action." Therefore the present action was not barred by the statute.

The judgment is affirmed.    AFFIRMED.

MR. JUSTICE BURNETT delivered the following dissenting opinion:

In this case the cause of action accrued May 3, 1909. An action was commenced thereon September 27th of

the same year. A demurrer to the complaint having been overruled, the case was put at issue, and after the jury had been impaneled and the taking of testimony begun the plaintiff moved for a voluntary nonsuit, which was granted over the objection of the defendant. On January 18, 1910, the plaintiff commenced a second action for the same cause. This proceeding having been instituted within the six months allowed for appeal from the judgment of nonsuit, the defendant contended that under Section 526, L. O. L., the former action was deemed to be pending from the commencement thereof until the final determination upon appeal, or until the expiration of the period allowed in which to take an appeal, and so filed a plea in abatement on the ground of the pendency of the first action. The Circuit Court sustained the plea and dismissed the second action. The defendant appealed from the judgment of nonsuit in the first action, contending that the plaintiff had no right to take a voluntary nonsuit after a trial of the issue of law on the demurrer, or after the commencement of the trial on its merits. In an opinion by Mr. Justice BEAN, Mr. Justice MCBRIDE dissenting, the court held (60 Or. 48, 118 Pac. 185) that, although under such circumstances a plaintiff could not of right take a judgment of voluntary nonsuit, yet it was within the discretion of the court to allow him that privilege, and so affirmed the judgment. After the determination of the cause upon appeal and more than two years after the cause of action accrued, the plaintiff, for the third time, commenced an action by filing the complaint herein, alleging the history of the former actions, to which complaint the defendant demurred, upon the ground that the latest action was not commenced within two years after the injury complained of by the plaintiff. The demurrer was overruled. The defendant declined to plead further, a jury

was called to assess the damages sustained by the plaintiff, and upon a verdict in his favor judgment was rendered for plaintiff, and the defendant appealed.

This being an action for personal injury, the statute (Section 8, L. O. L.) requires that an action for the same shall be brought within two years after the cause of action shall have accrued. The defendant contends that it appears upon the face of the complaint "that the action has not been commenced within the time limited by this code": Section 68, L. O. L. Section 20, L. O. L., reads thus: "When the commencement of an action is stayed by injunction or a statutory prohibition the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." The circumstances mentioned in this section constitute a statutory disability preventing a plaintiff from commencing an action. But Section 22, L. O. L., says: "No person shall avail himself of a disability unless it actually existed when his right of action accrued." True enough, if it appears upon the face of the complaint, the pendency of a former action for the same cause is ground for demurrer, under Section 68, L. O. L., and by virtue of Section 71 is a basis for a plea in abatement, if the objection does not appear on the face of the complaint. These sections, however, do not themselves constitute a statutory prohibition. They only declare certain advantages which a defendant may take of the situation created by the plaintiff. We have no statute extending the limitation in cases where the action has failed otherwise than upon the merits. Even in states having such a statute, the weight of authority is that the benefit thereof is not extended to cases where the litigant voluntarily discontinues or abandons his action on motion for voluntary nonsuit. The following precedents are instructive on this point: *Lawrence* v.

*Winifriede Coal Co.,* 48 W. Va. 139 (35 S. E. 925);
*Pardey* v. *Mechanicsville,* 112 Iowa, 68 (83 N. W. 828);
*Shields* v. *Boone,* 22 Tex. 193; *Barino* v. *McGee,* 3 Mc-
Cord (S. C.), 452; *Manuel* v. *Norfolk etc. Ry.,* 99 Va.
188 (37 S. E. 957); *Kock* v. *Sheppard,* 223 Ill. 172 (79
N. E. 52); *Archer* v. *Chicago etc. Ry.,* 65 Iowa, 611 (22
N. W. 894). It is a state of affairs produced by plain-
tiff's own voluntary action, and not a statutory pro-
hibition which prevents his third action being insti-
tuted after the expiration of the two years' limitation.
Having of his own accord dismissed his actions, he
must bear the resulting burdens attending upon that
course. If the plaintiff can begin and dismiss three
actions in succession and so piece out the statute of
limitations, he can extend that process indefinitely
until the defendant's witnesses have disappeared, or
its condition has otherwise changed to its disadvan-
tage. The statute would be thus subordinated to the
pleasure of the plaintiff, or possibly to the discretion
of the court, a state of affairs the legislative power has
not seen fit to countenance.

But even if we should construe a pending action to
be a statutory prohibition, the plaintiff could not avail
himself of that disability to extend the statute of limi-
tations, because it did not exist when his right of ac-
tion accrued: Section 22, L. O. L.

The judgment should be reversed and the cause re-
manded, with directions to the Circuit Court to sustain
the demurrer to the complaint.

Denied June 10, 1913.

ON PETITION FOR REHEARING.

(131 Pac. 514.)

MR. JUSTICE EAKIN delivered the opinion of the court.

2. Defendant by his petition for rehearing asks only that the decree be modified to the effect that the cause be remanded with permission to apply to the Circuit Court for leave to answer, relying upon the cases of *Powell* v. *Dayton etc. R. Co.,* 13 Or. 446 (11 Pac. 222), 14 Or. 22 (12 Pac. 83); *State ex rel.* v. *Metschan,* 32 Or. 372 (46 Pac. 791, 41 L. R. A. 692); *Lieuallen* v. *Mosgrove,* 33 Or. 282 (54 Pac. 260); *Fishburn* v. *Londershausen,* 50 Or. 363 (92 Pac. 1060, 15 Ann. Cas. 975, 14 L. R. A. (N. S.) 1234). It will be noted that all of these cases were in equity, except the last two, and all followed, without argument, *Powell* v. *Dayton etc. R. Co.,* 13 Or. 446 (11 Pac. 222), 14 Or. 22 (12 Pac. 83). In *Lieuallen* v. *Mosgrove,* 33 Or. 282 (54 Pac. 260), the question here was not involved nor decided. It was a law action tried upon the facts, and was reversed for errors of the trial court and remanded for further proceedings, a necessary sequence. Plaintiff asked that the cause be remanded with leave to amend his complaint, but it was held that the remand for further proceedings left it open to the trial court to allow an amendment in its discretion, and that this court should not presume to control the discretion of the trial court. The case of *Fishburn* v. *Londershausen,* 50 Or. 363 (92 Pac. 1060, 15 Ann. Cas. 975, 14 L. R. A. (N. S.) 1239), which is a law action, makes no reference to the fact that the cases followed are equity cases, but in *McDonald* v. *Cruzen,* 2 Or. 259, an action at law, it was

held: ''Upon appeal from a judgment upon demurrer below, it is the general rule that judgment of affirmance here is final; but this court will hold a discretionary control in cases where cause is alleged for rehearing, or for further proceedings.'' And in *State ex rel.* v. *Richardson,* 48 Or. 309 (85 Pac. 225, 8 L. R. A. (N. S.) 362), a proceeding by *mandamus,* a demurrer to the writ having been sustained by the Circuit Court, the judgment was affirmed and the cause remanded. Thereupon the Circuit Court allowed the writ to be amended and the case put at issue and tried, and, a peremptory writ having been issued, the defendant appealed.

After recognizing the right to amend the writ where no new or different cause is stated, Mr. Justice MOORE considers the question whether a remand with direction that judgment be entered and docketed in accordance therewith precludes the trial court from allowing the amendment. He cites the cases of *Powell* v. *Dayton etc. R. Co.,* 13 Or. 446 (11 Pac. 222), and *Fowle* v. *House,* 29 Or. 114 (44 Pac. 692), and says that it is to be observed that these cases are equity cases and that the rule promulgated applies only to equity suits; but, in discussing an appeal from a judgment sustaining a demurrer in a law action, he recognizes the discretionary powers in the court to remand the cause for further proceedings—thus recognizing that whether the cause shall be remanded for further proceedings rests in the discretion of this court, as announced in *McDonald* v. *Cruzen,* 2 Or. 259. This is also the holding in the case of *Williams* v. *Pacific Surety Co., ante,* p. 151 (132 Pac. 959), decided by this court June 3, 1913; but whether a case should be remanded is not a matter of right in the appellant. It should be allowed in the discretion of the court only under conditions

that in its opinion imperatively call for the exercise of such discretion, and this necessity should appear from the record and not from evidence *aliunde*. To hold otherwise would invite appeals from the rulings on every demurrer, result in hardship upon litigants, and in great delay as well as annoyance to this court by multiplying appeals; so that when a litigant refuses to plead over after the ruling of the trial court upon the demurrer, and appeals therefrom, he does so at his peril. Defendant would have lost no rights by answering after the demurrer was overruled, as that would not be waiver of the demurrer. There are no circumstances or conditions here that call for the exercise of the discretion of this court to remand the case.

The petition for rehearing is denied.

AFFIRMED : REHEARING DENIED.


Denied September 9, 1913.

ON SECOND PETITION FOR REHEARING.

(134 Pac. 1033.)

Opinion PER CURIAM.

Defendant, by attorneys Carey & Kerr in addition to its attorneys of record, petitions the court to modify the decision rendered on the petition for rehearing, the purpose being to procure a remand of the case with permission to apply to the Circuit Court for leave to answer. It urges error in the statement in the opinion that the defense of the statute of limitations is not waived by pleading over after the demurrer is overruled. The disposition of the petition did not rest on that statement, which was inadvertently inserted by the writer, and which is now made the law by statute. The disposition of the petition for rehearing

is adhered to, being the unanimous opinion of the court as constituted when the case was submitted.

The petition is denied.

. AFFIRMED: SECOND PETITION FOR REHEARING DENIED.