Argued January 12, affirmed and remanded February 2, 1955

# COBLENTZ *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

279 P. 2d 503

*W. A. Franklin* argued the cause for appellant. On the brief were Anderson, Franklin & Landye, of Portland.

*Ray H. Lafky,* Assistant Attorney General, of Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, of Salem, and Howard R. Lonergan and Roy K. Terry, Assistant Attorneys General, of Salem.

TOOZE, J.

This action involves the right to compensation under the Workmen's Compensation Law of this state, commenced by Chris Coblentz, as plaintiff, against the State Industrial Accident Commission, as defendant. Defendant's general demurrer to plaintiff's complaint was sustained, and, plaintiff refusing to plead further, judgment was entered dismissing the cause with prejudice. Plaintiff appeals.

It is alleged in plaintiff's complaint that he was employed by Columbia River Logging Company as a truck driver; that he was hired within the state of Oregon, and that his employer's office and principal place of business were in Brookings, Curry county, Oregon; that both he and his employer were contributors to the industrial accident fund of this state; that on or about October 6, 1953, he sustained personal injury by accident arising out of and within the course of his employment by violent or external means in that he had pulled his truck into the logging dump of the Dutton Lumber Company at Crescent City, California, and was engaged in loosening the binder chain

on a load of logs when a log rolled from the truck, striking him; ''that at the time of said accident plaintiff had left the state of Oregon temporarily but was within the course of his employment with the Columbia River Logging Company, *and that at the time of said accident plaintiff was not subject to the Workmen's Compensation Law of California or any other jurisdiction but Oregon.*'' (Italics ours.) The complaint alleges that plaintiff filed a claim for compensation with the defendant, and that it was rejected for the reason that ''there is no evidence that said plaintiff was employed subject to the provisions of the Oregon Workmen's Compensation Law at the time of said alleged accidental injury.''

The dispute between plaintiff and defendant in this case arises solely from the fact that plaintiff was injured in the state of California. ORS 656.126 provides:

''(1) If a workman employed to work in this state and subject to ORS 656.002 to 656.590 temporarily leaves the state incidental to such employment and receives an accidental injury arising out of and in the course of his employment, he is entitled to the benefits of ORS 656.002 to 656.590 as though he were injured within this state, *if at the time of the accident he was not subject to the workmen's compensation law of the jurisdiction in which he was injured.*

''(2) Whenever in any appeal or other litigation the construction of the laws of another jurisdiction is required, the courts shall take judicial notice thereof.

''(3) If any such workman files, in the jurisdiction in which he is injured, a claim for an accidental injury and the claim is denied for the reason that he was not subject to the workmen's compensation law of such jurisdiction, he may file a claim

for such injury under ORS 656.002 to 656.590 within 60 days after the order denying his claim became final." (Italics ours.)

An express condition of the right of a workman to recover compensation for injuries received when the accident causing such injuries occurred in a foreign state is that at the time of the accident he was not subject to the workmen's compensation law of that state. It is, therefore, necessary for a workman who has been injured in a foreign state and seeks to recover compensation under the laws of this state to allege in his complaint and prove the facts necessary to show that at the time of the accident he was not subject to the workmen's compensation law of the jurisdiction in which he was injured. It is not necessary for him to plead the laws of the foreign jurisdiction, because under the statute we are required to take judicial notice thereof, but it is necessary for him to plead such facts as will enable the court to determine therefrom whether he is subject to the workmen's compensation law of the foreign state. Facts and not conclusions must be pleaded.

■ In his complaint in this case plaintiff attempted to satisfy this requirement of good pleading by simply alleging "that at the time of said accident plaintiff was not subject to the Workmen's Compensation Law of California". That is a legal conclusion. It is the ultimate question for determination by the court as a matter of law based upon facts well pleaded and proved.

■■ Although a demurrer admits as true all facts well pleaded and all the intendments and inferences therefrom that can properly and reasonably be drawn (*Musgrave et ux. v. Lucas et ux.*, 193 Or 401, 408, 238 P2d 780), yet it does not admit as true mere conclusions

of the pleader. In the instant case the complaint is defective in that it did not allege the necessary facts from which, as a matter of law, the court could determine whether plaintiff was subject to the California law at the time of the accident. The trial court did not err in sustaining the demurrer and entering judgment in favor of defendant.

However, plaintiff argues that inasmuch as the provisions of the Workmen's Compensation Act should always be, and by this court have been, liberally construed in favor of an injured workman, the court should also be liberal in its construction of a workman's pleading in court. There is nothing whatever in the Workmen's Compensation Law itself that even remotely suggests such a liberal construction of pleadings.

Insofar as pleadings are concerned, a court action based upon the provisions of the Workmen's Compensation Law stands upon the same footing as any other action. The complaint in such a case is tested by the same rules applying to complaints in other actions, and, when challenged by demurrer, is construed strongly against the pleader. If the demurrer is sustained, the pleader is fully protected by the liberality with which the trial court permits an amended pleading to be filed to cure the defect.

In the briefs filed by the respective parties on this appeal neither plaintiff nor defendant discussed the California statutes applicable to the problem before us. Upon the oral argument and at the court's request, the assistant attorney general undertook to supply us with a digest of those statutes, serving a copy thereof upon opposing counsel. In compliance with his undertaking, the assistant attorney general has submitted a typewritten copy of the laws in question. However,

with commendable frankness and in a spirit of utmost fairness, he has, of his own volition, appended to the digest of the California statutes the following statement:

> "In a further attempt to assist the Court this office called Attorney T. Groezinger, Chief Counsel for the California Commission. We were advised that the California Commission and Court decisions support the proposition that the mere presence of an employe in California in course of employment subjects employer and employe alike to the California Law. This coincides with the past policy upon which the Oregon Commission has relied.

> "However, this office was further advised that the entire procedure depends upon gaining jurisdicition of the employer where there has been no insurance obtained as required by Section 3700. The employe may proceed under Section 3706 for either claim or by way of action for damages, *but both processes require that California first obtain personal jurisdiction of the employer and all benefits are payable by the employer.*

> "This turn in events has caused the Attorney General's office to reappraise the entire situation. Neither brief explores the meaning to be attached to the word 'subject'. It is submitted that it is ordinarily a word of limitation. As used in the Oregon Law pertaining to accidents in Oregon it has an accepted meaning that the workman is limited to the benefits provided by the Oregon Law. *If we accept certain allegations found in the brief, but not in the complaint, we must now conclude that the workman has no effective remedy in California.*

> "On the contrary, if the employer had insurance as provided in Section 3700 the exclusive remedy of Appellant would be under the California Law. Additional allegations of fact are required in the complaint to enable the Court to determine whether Appellant's claim should be filed in Oregon or California.

"It is accordingly recommended, and Respondent will file formal motion if required, that the judgment of the Circuit Court be affirmed but with leave to amend the complaint to include the allegations with reference to non insurance and lack of California jurisdiction over the employer. If these facts are substantiated, and Respondent does not presently doubt them, the Respondent will consent to entry of judgment in the Circuit Court remanding the claim for allowance.

"The Oregon Commission and Attorney General feel that the law should be interpreted to guarantee an effective remedy to the Workman." (Italics ours.)

All references to statutes in the above statement are to Deering's California Codes, Labor, Vols. 1 and 2.

From our examination of the statutes in question, we arrive at the same general conclusions stated by the assistant attorney general, and, in particular, the conclusion that as a condition to the exercise of any right by a workman under the California law, California must "first obtain personal jurisdiction of the employer and all *benefits are payable by the employer*" either directly or by way of insurance. (Italics ours.)

■ In view of what has been said about plaintiff's defective complaint, we are compelled to affirm the judgment of the trial court. It is a general rule that upon an appeal from a judgment upon demurrer in the trial court, a judgment of affirmance here is final. However, that rule, like most general rules, has its exceptions.

■ From the briefs filed in this case, we learn that plaintiff was very seriously injured in the accident occurring in California. From the foregoing statement of the assistant attorney general, it now appears that in all likelihood plaintiff was entitled, as a matter of right, to compensation under the laws of this state.

To deny him that right because of a technical defect in his pleading, or because of an original misunderstanding of the applicable facts and the law by those administering the provisions of the Compensation Act, would indeed afford a shocking example of gross injustice and should be avoided if at all possible. That is particularly true in a case such as this when we consider the humane purposes of the Workmen's Compensation Act and the liberality of construction given it.

In the early Oregon Case of *McDonald v. Cruzen,* 2 Or 259, 260, this court announced the following rule:

"Upon appeal from a judgment upon demurrer below, it is the general rule that judgment of affirmance here is final; but this court will hold a discretionary control in cases where cause is alleged for re-hearing, or for further proceedings below."

In *Williams v. Pacific Surety Co.,* 66 Or 151, 158, 127 P 145; 131 P 1021; 132 P 959; 133 P 1186, this court again considered and applied the above rule. In that case the trial court had overruled a demurrer to the complaint. The defendant elected to stand upon its demurrer. Thereafter a judgment was taken against defendant for want of an answer, from which judgment it appealed to this court. The judgment was affirmed without any remand of the cause to the trial court. A motion to modify the judgment of this court so that the cause might be remanded to the trial court with the privilege extended defendant to apply to that court for leave to answer was allowed. In passing upon the motion, Mr. Justice BURNETT, speaking for the court, said:

"* * * In the early law action of McDonald v. Crusen [sic], 2 Or. 259, the rule was established thus: 'Upon appeal from a judgment upon demurrer below, it is the general rule that judgment of af-

firmance here is final; but this court will hold a discretionary control in cases where cause is alleged for rehearing, or for further proceedings below.' It was applied also in a law action as late as Fishburn v. Londershausen, 50 Or. 363, 377 (92 Pac. 1060, 15 Ann. Cas. 975, 14 L.R.A. (N.S.) 1234).

"Each case must depend on its own circumstances so far as the application of the rule is concerned, but on principle there can be no question about the discretionary power of the court in such instances. * * * We cannot make an absolute rule in the first instance that the Circuit Court shall without fail permit the defendant to answer over, because that would depend upon many possibilities that are not properly cognizable by an appellate tribunal and which would appeal primarily to the discretion of the trial court. All we determine is that in our own discretion we allow the defendant the privilege of applying to the Circuit Court for leave to answer, which permission may be granted or not in the discretion of that tribunal.

"Our former judgment will be modified accordingly."

Also see *Fishburn v. Londershausen,* 50 Or 363, 377, 92 P 1060, 14 LRA NS 1234; *State ex rel. v. Richardson,* 48 Or 309, 315, 85 P 225; 5 CJS 1520, Appeal and Error, § 1969b. Under the peculiar and exceptional circumstances of this case, we are of the opinion that this cause should be remanded to the trial court with the right of plaintiff to apply to that court for leave to file an amended complaint. It is a clear case in which we should exercise our discretionary control.

The judgment is affirmed, but this cause is remanded to the trial court for such further proceedings as in its discretion it shall deem proper.