Argued April 2; affirmed May 19, 1931.

# LOTT *v.* DE LUXE CAB CO., Inc.

### (299 P. 303)

*C. M. Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellant.

*Thaddeus W. Veness,* of Portland, for respondent.

BELT, J. This is an action to recover damages for personal injuries. Plaintiff, a woman 49 years of age, alleges that on April 28, 1929, at about seven-thirty in the evening, she was struck by an automobile owned and operated by the defendant company, while she was walking in a northerly direction across Washington street where it intersects Fifth street in the city of Portland. She claims that she left the southeast corner of the intersection, when directed by traffic signal of green light and automatic bell, and had reached about the center of the street in the regular pedestrian crossing at time of injury. The taxicab had approached the intersection from the south on Fifth street and turned to the east on Washington. She states that, while the streets were wet, it was not raining at the time of the accident and she was carrying her closed umbrella upon her arm.

Plaintiff's charges of negligence may thus be summarized: (1) That the taxicab was driven at a dangerous rate of speed and in excess of 20 miles per hour; (2) that the cab was driven into the intersection and turned to the right without any warning signals; (3) that the driver of the taxicab failed to yield the right of way to the plaintiff; and, (4) that the driver failed to keep a careful look-out for pedestrian traffic.

Defendant avers that plaintiff was guilty of contributory negligence in that (1) she proceeded across Washington street against traffic signals; (2) that she failed to exercise due care in keeping a lookout for oncoming traffic, carrying an upraised umbrella which obstructed her vision, and (3) that she "walked, jumped, or otherwise voluntarily moved herself so that she came in contact with defendant's said taxicab."

On the issues thus briefly stated, the cause was submitted to a jury and a verdict in favor of the plaintiff was returned, in the sum of $5,000.

██ In our opinion, no error was committed in denying defendant's motions for nonsuit and directed verdict. Dr. Newell Smith testified in substance that when plaintiff started across the street the traffic signals were in her favor and that at the time she was struck "she was going directly ahead and had reached about the center of the street." He says that she was not carrying a raised umbrella and was walking in an ordinary manner. He was positive in his statement that she did not turn around or back into the car as claimed by the taxicab driver. Describing the speed of the taxicab as it came around the corner, he said: "It was moving around very rapidly—moving along faster than the average car does on a turn." It is contended that this testimony is not evidence upon which to base a charge of negligence relative to the speed of the automobile, but in this contention we cannot concur. True, this evidence may be vague and indefinite but such affects its weight and not its admissibility. In referring to this character of evidence, Mr. Justice HARRIS speaking for the court in *Macchi v. Portland*

*Ry. L. & P. Co.*, 76 Or. 215 (148 P. 72), wherein a witness testified "that the car was running fast, and that the speed was faster than the ordinary rate," said:

"Resolved to its final analysis, a description of cars going fast is but a conclusion involving an opinion, and so, too, is the statement that a car is going so many miles per hour, the difference being that the former is less definite than the latter, and yet in both instances the testimony is competent, if the witness be qualified to speak, the weight thereof being for the jury: * * *."

Also see Berry on Automobiles (6th Ed.), § 1283.

Relative to the place in the street where plaintiff was struck, Dr. Smith, on cross examination, in response to the question, "How did you come to notice so particularly that there wasn't any automobiles parked on the south side of Washington street?" said: "Well, I thought of it at the time and wondered why the taxicab didn't go behind her instead of running into her. He had plenty of room to go behind her." There is also the testimony of plaintiff that the traffic lights were green at the time she started across the street and that she waited for the second bell before proceeding. She is positive that she was struck after she had reached the center of the street. We think it is quite clear that the evidence relative to the issue of negligence was susceptible of different reasonable inferences and, therefore, was a question of fact for the jury.

■ It is claimed by the defendant that, at street intersections where traffic is regulated by traffic officers or signal devices, the pedestrian does not have the right of way, but that his right of the use of the streets is only equal to that of the driver of the automobile. Reliance is had on chapter 217, § 2, subdivision 7(b) of General Laws of Oregon for 1927, which provides that pedestrians at regular crossings of street intersections

have the right of way over vehicular traffic, "except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices." Appellant cites *Jones v. Sinsheimer,* 107 Or. 491 (214 P. 375), and *Rugenstein v. Ottenheimer,* 70 Or. 600 (140 P. 747), in support of his contention. These cases clearly are not in point, since no traffic devices were involved and the accident in the latter case did not occur at a street intersection. We think it was not the intention of the legislature to change the rule of right of way between vehicles and pedestrians, but rather to subject the latter to the regulation of traffic signal devices at street intersections. The instructions of the court relative to the right of way were, indeed, favorable to the defendant and it has no cause to complain.

■■ Exception was taken to the refusal of the court to instruct that "there is no evidence showing the defendant to have been guilty of the violation of any duty by law imposed upon it, and you are therefore instructed to find in favor of the defendant." Under the statute, the driver of the taxicab, in turning a corner, was required to "keep as closely as practicable to the right-hand curb or edge of the highway." (Chapter 217, § 2, subdivision 8(a), G. L. O. 1927.) Whether it was practicable for the driver of the taxicab to keep closely to the curb in making the turn was a question of fact for the jury. If he did not exercise due care in that respect he was guilty of violating the statute and such would constitute negligence per se. At any rate the defendant was not entitled to a directed verdict.

■ Error is predicated on the instruction of the court relative to the duty of the driver of the taxicab to sound horn. We take no cognizance of this assignment

of error for the reason that the particular objection to the instruction was not pointed out to the trial court. When exception is taken *to* instructions given by the court upon its own motion or at the request of the adverse party, the court must be given an opportunity to correct the error if any exists. A different rule applies to instructions which the court refused to give at the request of the party complaining.

■■ The court was also requested to instruct that there was no evidence to show that plaintiff had sustained a permanent injury and therefore such should not be considered as an element of damages. After consideration of the record, we are convinced that there was some evidence tending to show that plaintiff was permanently injured and, therefore, no error was committed in submitting this question to the jury. Dr. Tamiesie testified that, in his opinion, the "outlook is very much against a permanent cure." On cross-examination, this witness, in response to the question, "Is shock temporary or permanent?" answered, "Shock is permanent as a rule." It was not incumbent upon the plaintiff to demonstrate to a moral certainty that she was permanently injured. If there was a reasonable probability of the permanency of her injury, it was a question for the jury: *Frint v. Amato,* 131 Or. 631 (284 P. 183); *Madden v. Columbia & Nehalem River Railroad,* 101 Or. 562 (200 P. 1038).

We see no other assignments of error which merit attention. The judgment of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.