Argued March 22; affirmed April 12; rehearing denied
June 21, 1932

# GANO *v.* ZIDELL ET AL.

(10 P. (2d) 365, 12 P. (2d) 1118)

12

*Paul R. Harris,* of Portland (Davis & Harris and Donald K. Grant, all of Portland, on the brief), for appellant.

*Earl S. Nelson,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for respondent Northwest ·Public Service Co.

*L. A. Recken,* of Portland (Senn & Recken, of Portland, on the brief), for respondent Sam Zidell.

KELLY, J. At the place of the collision a tractor equipped with a drum was in use by defendant, Pacific Northwest Public Service Company, for the purpose of pulling a steel line through an underground conduit of its electric lighting system. This tractor was stationary, facing west at the southeast corner of said intersection close to and parallel with the south curb of Salmon street. The sidewalk on the east side of said Third street is fifteen feet wide. Said tractor occupied a space approximately ten feet long and five feet wide immediately north of the curb and to that extent obstructed the traffic lane used by pedestrians crossing the east side of Salmon street.

Plaintiff was walking north on the east side of Third street and passed to the rear and east of said tractor at the same time that the automobile driven by defendant Zidell, going east, passed by the north side of said tractor. The park light on Zidell's automobile struck plaintiff's left arm and fractured it.

■ One assignment of error is based upon the giving by the trial court of the following instruction:

"In other words, the company claims that Mr. Zidell was negligent and that Mr. Gano was negligent and that it was not negligent. Now before the plaintiff, Mr. Gano, in this case can recover, he must show he was free from negligence; that he was acting as an ordinarily prudent man would act under the then existing circumstances, so that in this case if you should find that Mr. Gano himself was negligent in crossing that street and not acting as an ordinarily prudent man would act, that ends the case and you must bring in a verdict for the defendant."

The vice of this instruction is that it at least impliedly places the burden of proof as to contributory negligence upon plaintiff: *Rush v. Lagomarsino,* 196 Cal. 308 (237 P. 1066); *O'Brien v. Tatum,* 84 Ala. 186 (4 So. 158).

The court read the pleadings to the jury and also said to them that the burden of proof is upon the party having the affirmative of the issue. Each defendant by further and separate answer not only affirmatively alleges that plaintiff was contributorily negligent but also expressly avers that the other defendant was negligent. No explanation was made to the jury as to the respective issues upon which the parties respectively held the affirmative.

■ The second assignment of error is based upon the action of the court in sustaining an objection to the

following question, which was propounded to plaintiff upon his direct examination in chief, to-wit: "Q. Taking the first track, fifty feet from the intersection of the property line, how far would you say you can see in a northerly direction, if anything was coming east on Salmon street?", and upon the rejection of an offer of proof to the effect that a driver approaching said intersection within fifty feet would not have an unobstructed view for a distance of two hundred feet. The record discloses that a building extending to the property line was upon each of the four corners of the intersection. This supplies the information tendered by the offer of proof and sought to be elicited by the question. No error was committed by the trial court in this respect.

■ The third assignment of error is based on the ruling of the court in sustaining an objection to the following questions which were propounded upon cross-examination of defendant Zidell.

"Q. And you know when a pedestrian is on the sidewalk and in the pedestrian's lane, he has the right-of-way?

"Q. You knew that he had the right-of-way and that you should have yielded to him the right-of-way?"

There is no allegation in the complaint that defendant Zidell was an incompetent driver. The question last above quoted, if permitted, might have introduced a phase or element of negligence not pleaded. The court committed no error in this ruling.

■ The fourth assignment of error is based upon the court's refusal to permit plaintiff to elicit from defendant Zidell, upon cross-examination, a statement as to whether said defendant could have stopped his car within four or five feet. This matter was not re-

ferred to in Zidell's direct examination and no error was committed in refusing to permit plaintiff to cross-examine upon it.

■ The fifth assignment of error is based upon the giving of instruction number one requested by defendant Zidell. This instruction limited said defendant's duty to the observance of such care as a person of ordinary prudence would have used under like circumstances. It omitted reference to the duty of obeying the statutory mandate that at pedestrians' traffic lanes automobilists must yield the right of way to pedestrians. Elsewhere in the court's instructions this duty was explained. In this respect inconsistent instructions were given.

■ Assignment number six calls attention to an instruction to the effect that the duty of an automobilist to sound the horn maintains only when there is some one in the path of, or about to step in front of, an automobile. This unduly restricts the rule of law in that respect and encroaches upon the prerogative of the jury in passing upon the facts. It is the duty of the driver of an automobile to sound the horn whenever in the exercise of reasonable vigilance an ordinarily prudent person would do so.

Assignments numbered seven and eight call attention to instructions applying to plaintiff the degree of care enjoined by law upon one who crosses a railroad track.

While it may be said that error appears to have been committed in the matter of the instructions above mentioned, we note that the case was tried on the 13th day of March, 1931, which indicates that the jurors had been in attendance at court for nearly two weeks,

and, doubtless, had heard the statutory instructions given and explained. Moreover, the rules of the road applicable to motor traffic are very generally known and understood. Besides, while a member of the legal profession might be somewhat impressed with the errors noted, they are of little, if any, consequence to the laity from which juries are drawn. These considerations have impelled us to give particular attention to the merits of the case upon the facts disclosed by the record.

■ Section 3 of Article VII, Constitution of Oregon, says:

"Until otherwise provided by law, upon appeal of any case to the supreme court, either party may have attached to the bill of exceptions the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the supreme court shall be of the opinion, after consideration of all the matters thus admitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial."

This case has been tried twice. The first trial resulted in a disagreement on the part of the jurors. It is established, by at least four witnesses, that, immediately after the accident, plaintiff expressly exonerated defendant Zidell from blame. Certainly, a much more disastrous consequence would have ensued if Zidell had attempted to slow down just before the collision. Defendant Pacific Northwest Public Service Company was using its tractor lawfully. There is nothing in the record supporting plaintiff's charge of negligence against this company. It was engaged in rendering its line serviceable at the place mentioned.

While there is sufficient conflict in the testimony to render proper its submission to the jury, as to the alleged negligence of defendant Zidell and it cannot be said, as a matter of law, that plaintiff was contributorily negligent, still, we are of the opinion that the judgment entered is the one which should have been rendered.

This results in the affirmance of the judgment of the circuit court.

RAND, ROSSMAN, and CAMPBELL, JJ., concur.

BEAN, C. J., did not participate in this decision.

---

Petition for rehearing denied June 21, 1932

ON PETITION FOR REHEARING

(12 P. (2d) 1118)

CAMPBELL, J. Counsel has presented a very able and interesting brief, on his petition for a rehearing, in which he insists that this court was in error in affirming the judgment of the trial court.

In his original brief on appeal, he assigned eight errors to the circuit court; in his petition for a rehearing, he assigns 11 to this court. His principal objection is, however, that we have exceeded the powers conferred upon this court under section 3, Article 7, of the Oregon Constitution, cited in our original opinion. He also complains that we have not given any reason for our affirmance of the judgment.

It would serve no useful purpose to give an analysis of all the testimony and circumstances in the cause, which led us to the conclusion that the verdict of the jury was correct, notwithstanding some minor errors

in the trial of the cause. There is only one reason to give; after full and careful consideration of all the matters presented in the bill of exceptions, we are of the opinion that the "judgment * * * was such as should have been rendered in the case."

We have again carefully gone over the record and are satisfied that our original opinion is right. The rehearing will be denied.

It is so ordered.