Argued February 5, reversed March 17, 1971

BACHART, *Respondent, v.* SANDERS,
*Appellant.*

482 P2d 174

*Lynne W. McNutt,* Coos Bay, argued the cause and filed a brief for appellant.

*W. T. Hollen,* Newport, argued the cause and filed a brief for respondent.

McALLISTER, J.

In this damage action the jury found for defendant and judgment was entered on the verdict. Thereafter the court set aside the judgment and granted plaintiff a new trial. Defendant appeals. The sole question on appeal is whether the court erred in granting a new trial.

1. The trial court denied the motion for new trial filed by plaintiff and granted a new trial on its own motion. In compliance with ORS 17.630 the court stated that the order was made on the ground that the court had erred in instructing the jury concerning the stopping distances required by ORS 483.444. We may affirm the order only on the ground set forth in the order. ORS 17.630.[1]

The collision which resulted in this action occurred at the intersection of U.S. Highway 101 and U.S. Highway 20 in Newport. Plaintiff was a passenger in a car driven by her husband who had been proceeding south on U.S. 101 and was making a left turn to go east on U.S. 20. Defendant was driving north on U.S. 101 and the two vehicles collided in the intersection.

■ The plaintiff charged the defendant with negligence in failing to keep his vehicle under control, in failing to stop or swerve his vehicle so as to avoid the collision, and in operating his vehicle at an un-

---

[1] "If a new trial is granted by the court on its own motion, the order shall so state and shall be made within 30 days after the filing of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case. In event an appeal is taken from such an order, the order shall be affirmed only on grounds set forth in the order or because of reversible error affirmatively appearing in the record."

reasonable rate of speed. The allegedly erroneous instruction read as follows:

"Now, the brakes of a motor vehicle shall be deemed adequate under the law when on a dry, hard, approximately level stretch of highway, free from loose materials, such brakes are capable of stopping the motor vehicle when operating at the speed of 25 miles per hour in a distance of 58 feet."

We do not agree that the giving of the above instruction constituted prejudicial error. Evidence was received without objection that this accident happened on a dry, hard, level highway free from loose material. The distance in which a driver should be able to stop his vehicle is relevant in some degree on the issues of speed, control, and ability to avoid a collision by stopping or swerving, all of which were involved in this case. Since there was no charge of faulty brakes, this instruction bore only indirectly on the issues and probably should have been omitted. However, we are at a loss to understand how it was prejudicial to the plaintiff.

If the instruction was prejudicial the trial court was authorized to grant a new trial even though the instruction was not objected to by plaintiff. We deem it significant, however, that the plaintiff did not object to the instruction in the trial court and has not been able to point out to this court how she was prejudiced by the instruction. Plaintiff relies on *Smith v. Pacific Northwest Public Serv. Co.*, 146 Or 422, 29 P2d 819 (1934), which is not helpful. This court held that the trial court did not err in declining to give the "stopping distance" instruction in that case which involved an intersection collision between a motor truck and a streetcar. The other case cited by plaintiff is entirely inapposite.

Assuming that it was error for the court to give the instruction, we are convinced that the error was harmless. The order granting a new trial is reversed with instructions to reinstate the judgment in favor of defendant.