RIECK,
*Appellant,*

*v.*

WATT,
*Respondent.*

(No. 16-79-05730, CA 18402)

633 P2d 31

A. J. Morris, Eugene, argued the cause for appellant. On the briefs were Michael F. Fox and Hoffman, Morris, Van Rysselberghe & Giustina, Eugene.

Randall P. Bryson, Eugene, argued the cause for respondent. With him on the brief were Calkins & Calkins and Bryson & Bryson, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This is an action for wrongful death arising from an automobile accident. On February 28, 1979, plaintiff's decedent was traveling on Highway 58, a two lane highway, when he slowed or stopped his car and signaled his intention to turn left into his driveway. The defendant, driving his pickup truck and following plaintiff's decedent and two other vehicles, pulled into the left, oncoming lane of the highway, passed the intervening vehicles and struck the car driven by plaintiff's decedent as he made his turn.

Plaintiff's complaint alleged the collision was caused by defendant's negligence. Defendant alleged that the negligence of plaintiff's decedent contributed to the accident. The jury, by special verdict, found that defendant had not been negligent in any of the respects submitted to it and did not reach the issue of contributory negligence. From a judgment entered in favor of defendant, plaintiff appeals. We reverse.

Prior to submitting the case to the jury, the court granted defendant's motion to strike plaintiff's allegation that defendant had been negligent in failing "to give any notice or warning by horn, or otherwise, of his approach as he undertook to pass the line of vehicles stopped behind decedent's vehicle." Plaintiff assigns error to the court's order granting the motion and to the court's failure to give a requested instruction on the duty to warn.

At one time, the driver of an overtaking motor vehicle had a statutory duty to give an audible warning before passing or attempting to pass another vehicle proceeding in the same direction. The driver of the overtaken vehicle had a reciprocal duty to give way to the right. *See, e.g.,* Or Laws 1931, ch 360 § 29; Or Laws 1949, ch 198, § 1. The duty of the overtaking driver to sound a warning was repealed by the legislature in 1955. Or Laws 1955, ch 249, § 3. The duty of the driver of the overtaken vehicle to give way in favor of the overtaking vehicle "on suitable and audible signal" was similarly eliminated in 1975. Or Laws 1975, ch 451, §§ 27, 291.

Despite the repeal of the statutory duty, plaintiff contends there is a common law duty to sound a warning if

a prudent person exercising ordinary care would do so under the circumstances. Defendant argues that the statutory changes reflect a legislative intent that motorists are not required to use their horns while passing. The legislative history is inconclusive.[1] At most, it demonstrates a decision that the passing driver's duty to warn, if any, should not be statutorily mandated.

---

[1] The minutes of the 1975 Senate Committee on Judiciary reveal the following discussions concerning the requirements to give an audible warning of intent to pass:

"SENATOR COOK inquired about the requirement to make an audible signal when passing.

"SENATOR BROWNE said that the new code omits the requirement of sounding the horn.

"MS. EMBICK [Research Counsel, Interim Committee on Judiciary] said that passing does not require the sounding of the horn, but changing lanes does as a safety measure but not an automatic requirement.

"SENATOR COOK is opposed to deleting the audible signal requirement for passing and requested an amendment. The chairman instructed the counsel to prepare an amendment."

Minutes, Senate Committee on Judiciary, January 16, 1975, page 2.

"SENATOR COOK inquired about duty to give audible signal.

"MS. EMBICK said that there is no requirement under present law that an audible signal be given unless a pedestrian might be affected.

"MRS. HOWARD said that the law is that, upon an audible signal, you must give way to the right when someone is passing.

"SENATOR COOK said that he thinks that had the effect of placing the duty to sound an audible signal upon the person passing on a two-lane highway.

"MS. HOWARD: I think it places the duty on the driver being passed to give way to the right when the audible signal is being given. But if the audible signal is [not?] given, he may not have the duty to give way.

"SENATOR COOK: If you pass without giving a signal of your intention to pass, that could be negligence.

"* * * * *

"SENATOR COOK said that if we want the audible signal, we had better require it to be given.

"SENATOR BROWNE asked for committee feeling on requiring an audible signal when passing on a two-lane road.

"SENATOR COOK is for it.

"SENATOR BROWN is against it.

"SENATOR CARSON said that he used to be in favor of it, but now you cannot hear inside a closed vehicle and it would become a trap. The way

Every motor vehicle must be equipped with a horn in good working order as a means of warning. ORS 483.446(1), (3). In *Owens v. Holmes,* 199 Or 332, 338, 261 P2d 383 (1953), a case involving a pedestrian, the court said:

"A horn on a motor vehicle is provided as a means of warning. Its use is required only when a warning reasonably appears necessary *or* is commanded by statute." (Emphasis added.)

In *Gano v. Zidell,* 140 Or 11, 15, 10 P2d 365, 12 P2d 1118 (1932), another automobile-pedestrian case, the court observed,

"It is the duty of the driver of an automobile to sound the horn whenever in the exercise of reasonable vigilance an ordinarily prudent person would do so." 140 Or at 15.

The case is reported in 24 ALR3d 183 (1969) for the proposition there is a common law duty to sound a warning when approaching a pedestrian in the absence of a specific statute calling for a warning or signal. In *Archer v. Gage et al,* 126 Or 532, 552, 270 P 521 (1928), the court in discussing the duty of a driver of a motor vehicle to sound a warning of his intended turn said, "no such duty is required by law. [There] are circumstances where it might be the duty of the driver to do so, but not invariably." *See Dixon v. Raven Dairy,* 158 Or 186, 195, 75 P2d 347 (1938).

We believe the logic of the foregoing cases applies here. There is no absolute duty to sound a warning in every

---

automobiles are built and the speeds at which they travel make the audible signal difficult to comprehend. I don't think it is effective any more.

"SENATOR ROBERTS pointed out that in a line of cars, you cannot tell which car honked.

"MS. HOWARD: In teaching safe driving, we emphasize the use of the horn as a matter of judgment when it is needed as a warning.

"SENATOR COOK asked the committee to include that the failure to sound a horn is not be construed as negligent conduct.

"SENATOR BROWNE said that we are not writing a tort code.

"SENATOR COOK said that we are writing a tort code."

Minutes, Senate Committee on Judiciary, January 21, 1975, pages 9-10.

No amendment was made requiring a signal.

instance. The driver of an automobile, however, has the duty to sound his horn whenever in the exercise of reasonable care an ordinarily prudent person would do so. *See also* Restatement (Second) of Torts § 302A (1965).[2]

■    It was error to remove plaintiff's specification of negligence for failure to warn from the jury's consideration. There was testimony that defendant was familiar with the highway and knew that there were numerous driveways along it. There was also evidence that defendant saw plaintiff's decedent signaling a left turn at a distance of 100 yards prior to impact. A jury could reasonably conclude that defendant should have realized that passing without warning involved an unreasonable risk of harm. A jury could also conclude that a warning could have been given in time to avoid a collision.

Reversed and remanded.[3]

---

[2] Restatement (Second) of Torts § 302A (1965) provides:

   *  "An act or an ommission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person."

Illustration 3 to this section states:

   "A, the engineer of the railroad train, sees in the distance an automobile driven by B, approaching a crossing. A proceeds on the assumption that B will look and listen, and will stop for the crossing, and so does not stop or slow down his train. This is not negligence toward B, or toward C, a guest in B's automobile. There is, however, a possibility that B will be negligent which a reasonable man in A's position would take into account; and A's failure to blow his whistle, or to continue to look out for the automobile, is negligence toward B and toward C."

[3] Because of our resolution of this case, we do not reach plaintiff's remaining assignments of error.